UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRENDA DOSSETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-01595-WTL-MPB |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Granting Petition for Writ of Habeas Corpus**

The petition of Brenda Dossett for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IWP 16100159. For the reasons explained in this Entry, Ms. Dossett's habeas petition must be **granted**.

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On October 15, 2016, Correctional Officer Debra Ramsey wrote a Conduct Report charging Ms. Dossett with unauthorized possession of property in violation of Code B-215. The Conduct Report states:

> On above date and approximate time, I (Officer Debra Ramsey) was executing a room search. Upon searching Offender Dossett, Brenda 253785 Bed W403 finding items, 2 large spools of thread, 14 zippers, 3 packages of hem tape.

Dkt. No. 11-1.

Ms. Dossett was notified of the charge on October 21, 2016, when she received the Screening Report. She pled not guilty to the charge, requested a lay advocate, and requested C. Marshall as a witness. Dkt. No. 11-2 at 1. C. Marshall provided a statement that inmates were instructed to clean out a storage closet and in the storage closet was a box of miscellaneous craft items. Ms. Marshall stated that the inmates were permitted to take items from the box of miscellaneous craft items. Dkt. No. 11-3. Ms. Dossett requested as physical evidence the lock property sheet. A note "sheet was not in unit 11 SE" was added to her request. Dkt. No. 11-2.

The disciplinary hearing was held on October 31, 2016. According to the notes from the hearing, Ms. Dossett stated at the hearing that "I was allowed to have them on unit 6. Nobody told me I could not have them on other units. I obtained those items with permission." Dkt. No. 11-4. Based on the staff reports and her statement, the hearing officer found Ms. Dossett guilty. The sanctions imposed included 30 days earned-credit-time deprivation suspended and a suspended credit-class demotion. The suspended sanctions were later imposed.

Ms. Dossett appealed to the Facility Head. However, she admits she did not exhaust her administrative remedies as to all the grounds raised in her petition. Dkt. No. 1. She then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## C. Analysis

In her petition, Ms. Dossett lists three grounds on which she challenges her prison disciplinary conviction.[1] However, because the Court finds that the evidence was insufficient to support the guilty finding, there is no need to address the respondent's argument that she procedurally defaulted two issues raised in her petition. *See* Dkt. No. 11, p. 4.

Ms. Dossett challenges the sufficiency of the evidence. Specifically, she argues she was permitted to possess these craft items pursuant to Indiana Department of Correction policy.

The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence"). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Ms. Dossett was found guilty of a violation of code B-215 unauthorized possession of property. The respondent argues that possession of craft items is allowed as indicated in "Facility Operational Procedures." Dkt. No. 11, pp. 5-6; Dkt. No. 11-7. However, the respondent failed to provide the facility operational procedure that governed the craft items allowed on Ms. Dossett's unit. Rather than provide evidence of what craft items are actually allowed, the respondent points to the conduct report as some evidence that she was not allowed to possess craft items in her unit. Here, however, the conduct report does not support Ms. Dossett's guilt. She was charged with unauthorized possession of property. The definition for unauthorized possession of property is:

---

[1] The respondent does not argue that Ms. Dossett failed to exhaust the argument in her petition that the evidence was insufficient.

> Unauthorized possession, destruction, alteration, damage to, or theft of State property or property belonging to another.

*See* Dkt. No. 11, p. 5. The conduct report fails to identify whose property Ms. Dossett was in possession of without authorization. In the proper circumstances a conduct report may, by itself, provide sufficient evidence of guilt-such as where the author of the conduct report was an eyewitness to an event or makes a statement about facts within her personal knowledge. The conduct report in this case is sufficient to establish that Ms. Dossett had craft items in her possession, which were observed by the reporting officer. However, the conduct report does not indicate that the craft items were contraband and thus not allowed, and it does not provide evidence that the craft items belonged to another or to the State, which is required by the definition. Even under the liberal standard of "some evidence," there was not sufficient evidence in the record to support the finding of guilt. Under these circumstances, Ms. Dossett's due process rights were violated in finding her guilty of possession of unauthorized property. Her petition for writ of habeas corpus must be **granted.**

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. Because there was insufficient evidence of Ms. Dossett's guilt, the disciplinary finding of guilt was arbitrary and that finding and the sanctions imposed must be **VACATED AND RESCINDED.** Accordingly, Ms. Dossett's petition for a writ of habeas corpus is **GRANTED**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 4/10/18

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

BRENDA DOSSETT
253785
INDIANA WOMENS PRISON
INDIANA WOMENS PRISON
Inmate Mail/Parcels
2596 Girls School Road
Indianapolis, IN 46214

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov